IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANCIS AKINRO                    *
      Plaintiff,
  v.                              *   CIVIL ACTION NO. JFM-10-1503

K MART                            *
      Defendant.
                                 ***

## **MEMORANDUM**

Plaintiff, a resident of Baltimore, Maryland who holds himself out as a "Professor" and Department of Justice employee, filed this 28 U.S.C. § 1331 action on June 8, 2010, against a Kmart department store on Belair Road in Baltimore. His statement of facts alleges that:

> "Mrs. Winebrene Iya Osho hire thousands of Ado-Igbe Spirit policemen, mainly Mrs. Omolewa, Iya Ropo, Daddy Ropo, and Tracy (Iya Boye) to be tracing me from point to point and from store to kill me with gun, dogs, and poison gas until I die. On May 30, 2010, K-Mart advertise their shoes to sale it at fifty percent off their regular price. I want to purchase a standard show at $12.50 which its original price is $24.00. K-Mart refused to sale it for me at the price they advertise instead sale it at their original price as against by California business and professional code section 17533.
>
> Mrs. Diana and her conspirator plot against me at the electronics section at the store simply because she have government power and her conspirator are [unintelligible] me like government by themselves. They have policemen, armies or military, and their prison or custody to punished and kill me without anybody able to question them. They rely on this fact to kill me with their method using Mr. Raymond the electronic sale clerk to open the light and their gun men will come in to kill me. I avoid this and check out at another register without purchase the laptop computer web camera I intend to buy."

Paper No. 1 at 2.

In his relief request, plaintiff seeks the award of $497,000,000,000,000.00 and court order to require K Mart to remove "whatever" is hindering him from buying items on credit. Plaintiff also seeks the imposition of a sentence of life imprisonment and the death penalty against "each of the

defendants" based on their aggravated circumstances "at the time of the offense of genocide…" Paper No. 1 at 3.  Although plaintiff's indigency application contains information the court finds dubious,[1] he shall be granted leave to proceed *in forma pauperis*.

This court may preliminarily review the complaint allegations before service of process and dismiss them *sua sponte* if satisfied that the complaint has no factual or legal basis.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Cochran v. Morris,* 73 F.3d 1310, 1314 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).  As explained by the Supreme Court in *Neitzke*: "Examples of [factually baseless lawsuits] are claims describing fantastic or delusional scenarios, with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. at 328.

Even when affording the *pro se* complaint and accompanying materials a generous construction, the court finds no basis to allow the rambling and nonsensical action to go forward or to require supplementation.  The complaint shall be summarily dismissed under 28 U.S.C. § 1915(e). A separate Order follows.


Date:   June 14, 2010           ___/s/_____
                                J. Frederick Motz
                                United States District Judge

---

[1] Plaintiff claims that he receives $3,063.00 in monthly retirement income; has been employed by the U.S. Department of Justice since July of 2009; and has $200,000.00 accumulated at four separate banks.  Paper No. 2.